PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEREK CANNON, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 4:16CV2801 |
| v. | ) JUDGE BENITA Y. PEARSON |
| WARDEN ED SHELDON, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** |

On November 17, 2016, *Pro Se* Plaintiff Derek Cannon, an Ohio prisoner incarcerated in the Ohio State Penitentiary ("OSP"), filed this *in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983 on behalf of himself and his wife, Karmell D. Cannon, against OSP Warden Ed Sheldon; Investigator Wylie; Rules Infraction Board ("RIB") Chairman Lt. Bright; Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); and a "Confidential Informant." For the reasons stated below, the action is dismissed.

**I. Background**

Plaintiff is serving a life sentence for aggravated murder in connection with a prison riot that took place in April 1993 at the Southern Ohio Correctional Facility in Lucasville, Ohio. *Cannon v. Johnson*, 23 Fed.Appx. 218 (2001); *State v. Cannon*, No. C-950710, 1997 WL 78596 (Ohio App. 1st Dist. Feb. 26, 1997). He alleges that for over eight years, he and his family have been subjected to "discrimination, threats, assault, and . . . slander" in retaliation for his involvement in the riot, violating his and his family's rights under the Eighth and Fourteenth

(4:16CV2801)

Amendments. Complaint (ECF No. 1) at PageID #: 3. Plaintiff's alleged basis for his claims is that "ODRC has maliciously manufactured conduct reports in an attempt to muddy up [his] prison file to make it appear that [he is] unruly and a problem they need to rid themselves of." ECF No. 1 at PageID #: 4. Specifically, he alleges that "every time before [he is] to appear" before a prison committee to determine whether he is entitled to a decrease in his security level classification, he is written up and found guilty of a conduct violation precluding a lower classification. ECF No. 1 at PageID #: 4.

The first incident of which Plaintiff complains occurred in May 2013, while he was incarcerated in the Toledo Correctional Institution ("ToCI"). He alleges ToCI staff had another inmate spit in his face prior to his security hearing, and he was subsequently issued a seven-page conduct report charging him with ordering another inmate to retaliate against the inmate who spit on him. ECF No. 1 at PageID #: 4-5. Plaintiff was found guilty of the charge despite denying that he gave an order for an attack. He alleges the Warden told him he believed him, but that it was over his (the Warden's) head and that "[s]omeone in Columbus doesn't like you." ECF No. 1 at PageID #: 5. As a result of the violation, Plaintiff was sanctioned with "14 days D/C, recommended L/C, increase security status from 4A to 4B, and transfer back to OSP." ECF No. 1 at PageID #: 6.

The next incident Plaintiff alleges occurred before his May 2015 security review at OSP. He alleges that less than two months before his review, he was issued a "ticket" because he spells the word "back" b-a-c instead of b-a-c-k, which constitutes gang writing in violation of prison Rule 17. At his hearing on this charge, RIB Chairman Lt. Bright allegedly told Plaintiff: "I


2

(4:16CV2801)

apologize, this is B/S, but my hands are tied, I have to find you guilty." ECF No. 1 at PageID #: 7.

Next, Plaintiff alleges that in March 2015, he wrote a letter to "the Warden and Director," in which he "withdrew" his consent to be retained at OSP and requested an immediate transfer to another prison in Ohio. Warden Sheldon, Institutional Inspector Thomas, and Investigator Wylie, however, all told him he would never be transferred. The Warden allegedly told Plaintiff: "Columbus doesn't want you anywhere, but Level 5, out-of-state or dead, and they are going to keep you here until then." ECF No. 1 at PageID #: 8.

Finally, Plaintiff complains about conduct charges "for violations of Rules 40, 45 conveyances" brought against him shortly before his June 2016 security classification review at OSP. ECF No. 1 at PageID #: 9. He was found guilty of these charges based on information provided by a confidential informant that Plaintiff "was the number one supplier of drugs within OSP," which was verified by a statement of Investigator Wylie that he had listened to phone conversations in which Plaintiff, his wife, and son discussed "large sums of money" being wired. ECF No. 1 at PageID #: 9. Plaintiff denied involvement with drugs and asserts he tried to explain his "money transactions" at his RIB hearing  His explanation was that inmates gamble and bet at OSP "all day every day," "so it was a normal occurrence for the loser to wire money to pay a debt," and he asserts he wanted to call inmates as witnesses to "verify" this explanation. ECF No. 1 at PageID #: 10. RIB Chairman Lt. Bright, however, told Plaintiff such witnesses would not make a difference. He received multiple sanctions as a result of the these conduct charges, including being denied all visitation with his family and having his security

3

(4:16CV2801)

classification increased from level 4A to 4B. ECF No. 1 at PageID #: 10. Plaintiff also alleges he and his family have been damaged "in every way imaginable" by rumors that his wife and son are drug couriers. ECF No. 1 at PageID #: 10-11.

As relief in the case, Plaintiff seeks damages, on his and his wife's behalf, and injunctive relief "prohibiting harassment" of him. ECF No. 1 at PageID #: 11.

## II. Standard of Review

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), principles requiring generous construction of *pro se* pleadings are not without limits and *pro se* plaintiffs are not automatically entitled to take every case to trial. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions and all prisoner actions which seek redress from governmental defendants and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to avoid a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). "A claim has facial plausibility when the

4

(4:16CV2801)

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. Discussion

Upon review, the Court finds the Complaint (ECF No. 1) must be dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

As an initial matter, Cannon is the only proper plaintiff in this case as he is the only party who has signed the Complaint (ECF No. 1). While 28 U.S.C. §1654 allows a non-attorney to "plead and conduct [his] own cases personally" in federal court, a non-attorney proceeding *pro se* has no authority to represent anyone other than himself. *See, e.g.*, *Cochran v. Nelson*, No. 93-3521, 1194 WL 28648 (6th Cir. Feb. 1, 1994) (affirming dismissal of civil rights claims brought by a *pro se* plaintiff on behalf of his son). Accordingly, any claims purportedly asserted in this case on behalf of Karmell D. Cannon, Plaintiff's wife, are dismissed.

Second, any § 1983 claims Plaintiff purports to allege in connection with the disciplinary charges brought against him at ToCI in 2013 are time-barred. A civil rights complaint under § 1983 is governed by Ohio's two-year statute of limitations. *See, e.g.*, *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding the appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is the two-year statute contained in Ohio Rev. Code § 2305.10). Although the statute of limitations is considered an affirmative defense, when it appears clear on initial screening of a complaint that an action is time-barred, the complaint may be dismissed *sua sponte* for failure to state a claim on which relief may be granted. *See Fraley v. Ohio Gallia Cty.*, No. 97-3564, 1998 WL 789385, at *2 (6th Cir. Oct. 30, 1998) (holding that the district court

(4:16CV2801)

"properly dismissed" a *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired). Plaintiff did not commence this action until November 2016. Therefore, it is apparent on the face of the Complaint (ECF No. 1) that any claims arising from Plaintiff's discipline at ToCI accrued in 2013, are barred by the statute of limitations, and must be dismissed for failure to state a claim.

With respect to Plaintiff's remaining allegations regarding prison discipline at OSP, the Court concludes he has failed to allege any cognizable claim under the Eighth or Fourteenth Amendments. The Due Process Clause of the Fourteenth Amendment "does not protect every administrative slight that occurs behind prison walls." *Harden-Bey v. Rutter*, 524 F.3d 789, 791 (6th Cir. 2008). With regard to prison discipline, the Supreme Court has held that an inmate has a constitutionally-protected liberty interest triggering due process only when the discipline rises to the level of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). Applying Supreme Court precedent, the Sixth Circuit held in *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005), that an inmate's designation as a security threat group leader in a state maximum correctional facility, which caused the inmate to be excluded from community placement and placed on visitor restrictions, did not implicate constitutional due process and did

(4:16CV2801)

not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life.

Here, the prison discipline to which Plaintiff complains he was subjected at OSP in 2015 and 2016, affecting his visitation privileges and precluding him from obtaining a lower security classification and/or transfer to another prison, does not rise to the level of an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.* Accordingly, Plaintiff has not alleged a plausible due process claim under the Fourteenth Amendment.

Assuming *arguendo* that Plaintiff might have a protected liberty interest, he has still not alleged a plausible claim. A court's ability to review prison disciplinary procedures is very limited. District courts have no ability to review a prison disciplinary committee's resolution of factual disputes or to make a redetermination of an inmate's guilt or innocence. Rather, a federal court must uphold a prison disciplinary board's determination as consistent with due process as long as a prisoner has received basic procedural protections and the prison disciplinary committee's findings are supported by "some evidence" in the record, even if the evidence against the prisoner might be characterized as meager. *Superintendent, Mass. Correctional Institution at Walpole v. Hill*, 472 U.S. 445, 455 (1985). While Plaintiff contests the propriety of all the disciplinary charges against him, his allegations do not plausibly suggest he was denied requisite basic procedural protections, and it is apparent on the face of the Complaint (ECF No. 1) that "some evidence" existed to support the disciplinary findings made against him at OSP.

Finally, Plaintiff has failed to allege a cognizable claim under the Eighth Amendment, prohibiting the infliction of "cruel and unusual punishments." U.S. CONST. AMEND. VIII. To

7

(4:16CV2801)

make out an Eighth Amendment claim, an inmate must allege that he has been deprived "of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Alleging that prison conditions "are restrictive and even harsh" is insufficient to state a claim because such conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* Rather, "extreme deprivations" are required. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted). Plaintiff's allegations, complaining of prison discipline that does not rise to the level of an atypical and significant hardship in relation to the ordinary incidents of prison life, do not reasonably suggest he has been subjected to cruel and unusual punishment within the meaning of the Eighth Amendment.

## IV.  Conclusion

Accordingly, for all of the reasons stated above, the Complaint (ECF No. 1) fails to allege a plausible claim on which the Court may grant relief under § 1983, and this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 June 29, 2017                              */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                             United States District Judge